Josephine **VICTORIAN** and **Ruth Helen Jones,** Plaintiffs-Appellants,

v.

Barbara **MILLER,** Supervisor, et al., Defendants-Appellees.

No. 85–2494.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1986.

Rehearing and Rehearing En Banc Denied Sept. 4, 1986.

Jeffrey J. Skarda, Gulf Coast Legal Foundation, Houston, Tex., for plaintiffs-appellants.

Joseph W. Barbisch, Jr., Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GEE and HIGGINBOTHAM, Circuit Judges, and HARVEY,* Senior District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellants, applicants for expedited food stamp benefits under the Food Stamp Act, appeal from the dismissal of their § 1983 suit against officials of the Texas Department of Human Resources, in which they alleged that the state agency's failure to provide food stamps within five days of application violated the Act and denied them procedural due process and equal protection. We affirm the district court's dismissal of appellants' claims for violation of the federal statute, vacate the dismissal of the constitutional claims, and remand the case.

## I

The Food Stamp Act of 1964, 7 U.S.C. § 2011 *et seq.*, created a state-administered program for the distribution of federally funded food stamps, and as amended requires the state to furnish expedited service to households meeting certain eligibility requirements.[1] Josephine Victorian and Ruth Helen Jones applied with the Texas Department of Human Resources for expedited food stamps in November 1983, but did not receive them within the statutorily prescribed period. They subsequently brought this action under 42 U.S.C. § 1983, alleging a violation of the federal statute, and also claiming that the failure to provide expedited benefits denied their constitutional rights to equal protection and due process under the fourteenth amendment. They request declaratory and injunctive relief to compel the state to comply with the federal statute.

Following limited discovery, and in response to the state's motion, the district court dismissed the case, ruling that all appellants' theories were foreclosed by *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283 (5th Cir.1984), which held that no private right of action exists for violations of the Food Stamp Act. In this appeal, appellants argue that *Tyler* was incorrectly decided, and that in any event the decision does not bar their constitutional claims.

## II

In *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283 (5th Cir.1984), a panel of this court held that the Food Stamp Act does not create a private right of action to enforce expedited service for food stamps, and that none lies independently under § 1983. In reaching that determination, the court stated that "[w]e find nothing in the legislative history that leads to the conclusion that Congress intended to create a private remedy." *Id.* at 286. However, appellants now cite to this panel the follow-

* District Judge of the Eastern District of Michigan, sitting by designation.

1. Section 2020(e)(9) of the Food Stamp Act provides, in pertinent part, that the state agency shall:

(A) provide coupons no later than five days after the date of application to any household which—

(i)(I) has gross income that is less than $150 per month; or

(II) is a destitute migrant or a seasonal farmworker household in accordance with the regulations governing such households in effect July 1, 1982; and

(ii) has liquid resources that do not exceed $100.

.    .    .    .    .

ing statement from the legislative history of the Act:

> The administrative remedies against the state contained in section 11(f) and elsewhere should not be construed as abrogating in any way private causes of action against states for failure to comply with Federal statutory or regulatory requirements.

H.R.Rep. No. 464, 95th Cong., 1st Sess. 398, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1978, 2327.

■ On the basis of this citation, appellants urge that *Tyler* was incorrectly decided and that it is therefore not dispositive of their statutory claims. However, it is a firm rule of this circuit that a panel cannot overrule a prior panel decision, and we are bound by the decision in *Tyler* until its holding is reconsidered and reversed by the *en banc* court. *Washington v. Watkins*, 655 F.2d 1346, 1354 n. 10 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). The district court correctly dismissed appellants' claims based upon alleged violations of the Food Stamp Act.

### III

■ Although appellants' statutory claims are foreclosed by *Tyler*, the district court incorrectly held that *Tyler* disposed of their constitutional claims as well. These claims, though arising out of statutory eligibility to receive expedited food stamps, are founded not on violations of the federal statute, but upon the equal protection and due process clauses of the fourteenth amendment. In their equal protection claim, appellants assert that the state's practice of providing some eligible claimants with timely benefits while failing to provide such benefits to them and other equally-eligible applicants constitutes a denial of equal protection. They also argue that they had a property interest in receiving expedited food stamps created by the eligibility provisions of 7 U.S.C. § 2020(e)(9), and that the state's "denial" of the stamps within the prescribed period without a hearing was a denial of procedural due process. Although we view these constitutional theories with some skepticism, we decline to address their merits in the first instance on this appeal. We therefore remand the case to the district court for resolution of appellants' constitutional claims.[2]

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**2.** We note, and our decision to remand is informed by, the circumstance that appellants' standing to maintain these claims is unclear from the scant record before us. The state denies in its answer to appellants' complaint that Jones was entitled to expedited food stamps at all, and the pleadings of both appellants allege monthly incomes exceeding the $150 maximum set out in the Act for eligibility. Before reaching the merits of appellants' constitutional claims, the district court should hold a Fed.R. Civ.P. 12(d) hearing to determine whether appellants were actually eligible for expedited food stamps at the time of application. Otherwise, appellants have not suffered the requisite *"personal* injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984) (emphasis added).